*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 16, 2025
10:49 AM

Plaintiff-Appellee,

v

No. 374639
Oakland Circuit Court
LC No. 2024-290272-FH

ANDREI FERNANDOMIHAI DRAMBA,

Defendant-Appellant.

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant, Andrei Fernandomihai Dramba, claims his 2- to 5-year sentence for using and possessing a card-skimming device is unreasonable. We disagree and affirm.

## I.

Participating in an international crime ring operating in metro Detroit, defendant—a Romanian national who entered the United States without inspection—used card-skimming devices to steal unsuspecting consumers' bank information. For one count involving devices placed in Ferndale, he pleaded guilty to selling or possessing a suppression device in violation of MCL 750.411w. The sentencing guidelines recommended a sentence of zero to nine months, but the trial court deviated upward and imposed a sentence of two to five years' imprisonment. Animating that sentence was "defendant's continued criminal activity." Namely, his "participati[on] in an organized ring in order to scan credit cards and get personal identifying information to then use those things fraudulently" notably resulted in ten additional similar convictions before the same court. On leave granted, Dramba appeals.

## II.

Courts must impose reasonable sentences. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A sentence is reasonable if it adheres to the "principle of proportionality." *Id.*; see also *People v Posey*, 512 Mich 317, 348; 1 NW2d 101 (2023) (Opinion by BOLDEN, J.). That means it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474, quoting *People v Milbourn*, 435 Mich 630, 636; 461

-1-

NW2d 1 (1990). In arriving at a proportionate sentence, a sentencing court must consider the four *Snow* factors. See *People v Snow*, 386 Mich 586, 194 NW2d 314 (1972). Those factors "are: (1) 'reformation of the offender'; (2) 'protection of society'; (3) 'disciplining of the wrongdoer'; and (4) 'deterrence of others from committing like offenses.' " *People v Boykin*, 510 Mich 171, 188; 987 NW2d 58 (2022), quoting *Snow*, 386 Mich at 592. And it must "state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed." *People v Coles*, 417 Mich 523, 549; 339 NW2d 440 (1983), overruled on other grounds by *Milbourn*, 435 Mich at 635. This Court reviews sentences for an abuse of discretion, which occurs when a sentencing court imposes an unreasonable sentence. *Steanhouse*, 500 Mich at 471.

On appeal, Dramba contends his sentence is unreasonable and that the trial court did not sufficiently justify its upward departure. He claims, for example, that the trial court did not need to depart because the sentencing guidelines—and more specifically, prior record variable (PRV) 7 (subsequent or concurrent felony convictions), for which he received 20 points, see MCL 777.57(1)(a)—already accounted for his other similar convictions. Dramba also notes he "was not charged nor convicted of maintaining a criminal enterprise" and that his minimum two-year term is 166% higher than the guideline range. For these reasons, he contends his sentence is disproportionate.

Briefly, we cannot agree. Defendant does not dispute his involvement in a Romanian-based conspiracy dedicated to stealing and using consumers' bank information. We see no abuse of discretion in the trial court's determination that the sentencing guidelines neither properly accounted for the breadth of his crimes (one need only have been convicted of two concurrent felonies to receive the 20 point-maximum under PRV 7), nor that they could have captured his extensive pattern of criminal behavior during his short time in the United States. The trial court also discussed the significant risk that defendant would continue the illicit activities until Immigration and Customs Enforcement could act on its detainer. These were more than adequate reasons justifying departure, *Steanhouse*, 500 Mich at 476, and his sentence is reasonable considering all the *Snow* factors.

III.

For these reasons, we affirm the trial court's judgment.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace